IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LACYNDRA HARRELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. 1:20-cv-1225 |
| § | |
| CRS EXPRESS INC., and ROGER § | |
| COUTURE, § | |
| § | |
| Defendants. § | |

### DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant CRS Express, Inc. ("CRS") removes this action from the 395th Judicial District Court of Williamson County, Texas at 405 Martin Luther King, Georgetown, Texas 78626, to the United States District Court for the Western District of Texas, Austin Division. As grounds for removal, CRS states as follows:

### BACKGROUND

1. On November 10, 2020, Plaintiff filed a Complaint in the 395th Judicial District Court of Williamson County, Texas, captioned *Lacyndra Harrell v. CRS Express Inc. and Roger Couture*, Cause No. 20-1793-C395.

2. Plaintiff's Complaint concerns a motor vehicle collision that allegedly occurred on October 22, 2020, on Interstate 35 in Williamson County, Texas. Plaintiff Lacyndra Harrell ("Plaintiff") alleges that she was travelling on Interstate 35 in the right lane when Defendant Roger Couture made an unsafe lane change from the center lane, striking the rear of Plaintiff's vehicle. (Compl. ¶ 7).

3. Plaintiff alleges that Defendant Roger Couture was driving a tractor-trailer, owned and operated by CRS, and was at all material times acting within the course and scope of his employment with CRS. (Compl. ¶ 9).

4. Plaintiff brings the following causes of action against CRS: negligence; *respondeat superior*; negligent hiring; negligent entrustment; negligent training; and negligent safety implementation. (Compl., ¶ 9) Plaintiff brings negligence causes of action against Defendant Roger Couture. (Compl., ¶8).

5. Plaintiff seeks damages and for such other and further relief to which she may be entitled by law and equity, including the following categories of alleged damages:

    a. Pain and suffering in the past;
    b. Pain and suffering in the future;
    c. Mental anguish in the past;
    d. Mental anguish in the future;
    e. Past medical expenses;
    f. Future medical expenses;
    g. Physical impairment in the past;
    h. Physical impairment in the future;
    i. Physical disfigurement in the past;
    j. Physical disfigurement in the future;
    k. Loss of enjoyment of life in the past;
    l. Loss of enjoyment of life in the future;
    m. Funeral expenses;
    n. Loss of consortium;
    o. Loss of companionship and society;
    p. Loss of love, affection, support, and guidance;
    q. Loss of earning capacity;
    r. Pre-judgment interest;
    s. Post-judgment interest;
    t. Exemplary damages;
    u. Property damages; and
    v. Loss of use.

*Id.*, ¶ 18 (1-22).

## VENUE AND JURISDICTION

6. Venue is proper in this Court under 28 U.S.C. §§ 81(a)(3), 1391, 1441(a), and 1446(a), because the 395th Judicial District Court of Williamson County, Texas, where Plaintiff filed her Complaint, is a state court within the Western District of Texas.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiffs and all properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

### I. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND CRS.

8. "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citations and quotations omitted).

9. Plaintiff is a resident of Texas. (Compl., ¶ 2.) Accordingly, Plaintiff has a fixed residence in Texas at which she intends to remain indefinitely. Thus, Plaintiff is considered a citizen of Texas for the purpose of assessing diversity jurisdiction.

10. CRS is a corporation. A corporation is considered to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). CRS is incorporated under the Canadian Business Corporations Act, and its registered office is located in Saint-Georges, Quebec, Canada. **Exhibit A** attached hereto and fully incorporated by reference herein. Thus, CRS is a citizen of Quebec, Canada for the purpose of diversity jurisdiction.

11. Defendant Roger Couture is an individual. The Texas Peace Officer's Crash Report lists Roger Couture's address in Saint-Georges, Quebec, Canada. Exhibit B, attached hereto and

fully incorporated by referenced. Accordingly, Defendant Roger Couture is a citizen of Saint-George, Quebec, Canada for the purposes of diversity jurisdiction.

12. Because Plaintiff is a citizen of Texas, Defendant CRS is a citizen of Saint Georges, Quebec, Canada, and Defendant Roger Couture is a citizen of Saint Georges, Quebec, Canada, complete diversity of citizenship exists between all Plaintiffs and all Defendants in this case.

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

13. This Court has original jurisdiction over suits between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1).  In their Complaint, Plaintiff specifically asserts that she is seeking "monetary relief in excess of $1,000,000." (Compl., ¶14).  As a consequence, Plaintiff has asserted alleged damages well in excess of $75,000.00, exclusive of interest and costs, and therefore the minimum jurisdictional amount required for federal diversity jurisdiction has been fully satisfied.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (stating "in the typical diversity case, the plaintiff remains the master of his complaint").

## III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

14. This Notice of Removal is timely filed. CRS was served the Complaint on October 30, 2019. Because Black Deer filed this Notice of Removal on November 16, 2020, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

15. A copy of this Notice of Removal will be promptly filed with the appropriate state court pursuant to 28 U.S.C. § 1446(d).

16. Pursuant to 28 U.S.C. §1446(a), copies of all pleadings, process, and orders served on CRS in this action are attached hereto as **Exhibit C**.

17. As required by 28 U.S.C. § 1446(d), CRS has served a copy of the Notice of Removal on all adverse parties.

18. All defendants who have been properly served to date have consented to removal.

19. CRS asserts its right to a trial by jury.

20. CRS does not waive any jurisdictional or other defenses available to it.

21. CRS reserves the right to supplement this Notice of Removal and/or present additional arguments in support of its entitlement to removal.

## CONCLUSION

WHEREFORE, CRS Express Inc. removes this action from the 395th Judicial District Court of Williamson County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

*/s/Jeff Marshall*
Jeffrey O. Marshall
State Bar No. 00797005
Jeff.Marshall@wilsonelser.com
Taylor O. Reed
State Bar No. 24101958
Taylor.Reed@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, TX  75202
Telephone: (214) 698-8000
Facsimile:  (214) 698-1101

**ATTORNEYS FOR DEFENDANT
CRS EXPRESS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that foregoing document was electronically filed with the Court on December 16, 2020. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.

                                                */s/Jeff Marshall*
                                                Jeffrey O. Marshall