# EXHIBIT 4

Filed: 11/10/2020 11:49 AM
Lisa David, District Clerk
Williamson County, Texas
Tammy Clinton

CAUSE NO. 20-1793-C395 _____

| | | |
|---|---|---|
| **LACYNDRA HARRELL** *Plaintiff* | § § § § § § § § § § § | IN THE DISTRICT COURT |
| | | Williamson County - 395th Judicial District Court |
| v. | | _____ JUDICIAL DISTRICT |
| **CRS EXPRESS INC., AND ROGER COUTURE** *Defendants* | | WILLIAMSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Lacyndra Harrell (hereinafter referred to as "Plaintiff"), complaining of CRS Express Inc., and Roger Couture (collectively hereinafter referred to as "Defendants"), and for cause of action would respectfully show unto the Court as follows:

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

2. Plaintiff, Lacyndra Harrell, is an individual residing in Bell County, Texas.

3. Defendant, CRS Express Inc., is a foreign corporation organized and existing under the laws of Canada, and may be served with process through International Border Trucking Compliance Service Inc., located at 1519 Wyoming, El Paso, Texas 79902, as its agent for service because Defendant engages in business in Texas, but does not maintain a regular place of business in Texas.

4. Defendant, Roger Couture, is an individual residing in Quebec, Canada. Canada is a signatory state of *The 1965 Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention)*. Accordingly, Defendant, Roger Couture, may be served with process in accordance with the *Hague Convention* via private process

1

server, at his residence located at 480 20e Rue, Saint-Georges, QC 65Y8J3, Canada.

5. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the Parties because Defendants do business in the State of Texas as a motor carrier.

6. Venue in Williamson County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to this claim occurred in this county.

7. On October 22, 2020, Plaintiff, Lacyndra Harrell, was traveling on Interstate 35 in the right lane, when Defendant Roger Couture, operating a commercial motor vehicle, made an unsafe lane change from the center lane, and struck the rear of Plaintiff's vehicle. The force of the impact caused Plaintiff's car to spin and strike a retaining wall. As a result of the collision, Plaintiff suffered serious injuries.

8. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants. Defendant, Roger Couture operated the vehicle he drove in a negligent manner because he violated the duty which he owed the Plaintiff, to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects, including but not limited to:

    a. in failing to drive his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;

    b. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    c. in failing to maintain an assured clear distance between Plaintiff's and Defendants' vehicle;

    d. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    e. in failing to turn the vehicle in an effort to avoid the collision in question;

  f. in failing to properly change lanes; and

  g. in driving his vehicle in with a willful or wanton disregard for the safety of persons or property.

9. Defendant, CRS Express Inc. was negligent in one or more of the following respects:

 a. negligent hiring;

 b. negligent entrustment;

 c. negligent training and safety implementation.

Furthermore, Defendant, CRS Express Inc. is liable under the doctrine of *respondeat superior* for the conduct of Defendant, Roger Couture because he was operating the vehicle in the course and scope of his employment with CRS Express Inc., and acting in furtherance of CRS Express Inc.'s business.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which she now sues.

10. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision, injuries, and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not the remainder of her natural life.

11. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff sustained severe injuries.

12. The conduct of the Defendants constitutes a heedless and reckless disregard of the rights, welfare, and safety of the Plaintiff, and others similarly situated and evidences such an entire want of care as to indicate that this conduct was the result of conscious indifference on the

part of each of the Defendants, their agents, servants, representatives, and/or employees, with actual knowledge that such conduct would result in the serious bodily injury and/or disability or death. Defendants' actions constitute gross negligence as that term is understood and defined in law, and such gross negligence was a proximate cause the disability and damages suffered by the Plaintiff. This action is maintained to recover punitive or exemplary damages as those terms are understood in law because of such gross negligence and Defendant's conscious indifference to the rights, welfare and safety of the Plaintiff and others similarly situated.

13. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

14. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment and for all other relief to which Plaintiff may justly be entitled.

15. Plaintiff further requests both pre judgment and post judgment interest on all damages allowed by law.

16. Plaintiff demands a jury trial. Plaintiff acknowledges payment this date of the required jury fee.

17. Pursuant to Tex. R. Civ. P. 193.7, Plaintiff gives notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have and recover judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court,

and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of enjoyment of life in the past;
12. Loss of enjoyment of life in the future;
13. Funeral expenses;
14. Loss of consortium;
15. Loss of companionship and society;
16. Loss of love, affection, support and guidance
17. Loss of earning capacity;
18. Pre judgment interest;
19. Post judgment interest;
20. Exemplary damages;
21. Property damage; and
22. Loss of use.

Respectfully submitted,

THOMAS J. HENRY, INJURY ATTORNEYS
5711 University Heights Blvd., Ste. 101
San Antonio, Texas 78249
Phone: (210)656-1000
Fax: (361) 985-0601

By: _____
Crystal Wright
State Bar No. 24067026
cwright-svc@thomasjhenrylaw.com
*service by email to this address only
*ATTORNEY FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Wright on behalf of Crystal Wright
Bar No. 24067026
CWRIGHT-SVC@THOMASJHENRYLAW.COM
Envelope ID: 47967677
Status as of 11/10/2020 1:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Crystal  Wright | | cwright-svc@thomasjhenrylaw.com | 11/10/2020 11:49:03 AM | SENT |