# EXHIBIT 7

CAUSE NO. 20-1793-C395

| | | |
|---|---|---|
| LACYNDRA HARRELL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 395TH JUDICIAL DISTRICT |
| | § | |
| CRS EXPRESS INC., and ROGER COUTURE, | § | |
| | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CRS Express Inc. ("Defendant"), Defendant in the above captioned cause, and for answer to Plaintiff's Original Petition would show the Court the following:

### I.
### GENERAL DENIAL

Defendant generally denies each and every, all and singular, the claims and allegations contained in Plaintiff's Original Petition and all supplements, modifications, and amendments thereto, and demand strict proof thereof by a preponderance of the credible evidence pursuant to TEX. R. CIV. P. 92.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the foregoing, Defendant pleads, in addition thereto, the following affirmative and other defenses:

Sole Proximate Cause. Defendant asserts that, with respect to the occurrence in question, the negligence, fault, acts and/or omissions of Plaintiff and/or other persons not a party to the suit were the sole proximate cause of Plaintiff's injuries and/or damages, if any, and without which,

Plaintiff's injuries and/or damages would not have occurred, or in the alternative, said negligence, fault, acts and/or omissions were a contributing proximate cause of this occurrence and Plaintiff's injuries and/or damages, if any.

No act or omission attributable to Defendant constitutes a proximate cause of any injury and/or damage to Plaintiff. Defendant further asserts the injuries and/or damages complained of were not foreseeable, nor was any act or omission, allegedly attributable to Defendant, a cause-in-fact of any injuries or damages to Plaintiff.

Contributory Negligence. Defendant alleges that Plaintiff and/or other persons not a party to the suit were contributorily negligent and/or intentionally, willfully and wantonly negligent on the day in question. Defendant further alleges that the negligence of Plaintiff and/or other persons not a party to the suit was the proximate cause, or alternatively, the producing cause of all injuries and/or damages allegedly suffered by Plaintiff. Defendant alleges that the conduct of Plaintiff and/or other persons not a party to the suit in failing to use ordinary care for the safety and welfare was fifty-one (51%) percent or more of the cause of the alleged injuries and/or damages, if any.

Failure to Mitigate Damages. Defendant further alleges that Plaintiff has failed to mitigate damages as required by law.

Third parties. Defendant further alleges that Plaintiff's alleged injuries and/or damages, if any, were proximately caused in whole or in part by the acts and omissions of Plaintiff and/or other persons not a party to the suit over whom Defendant had no control or right to control.

New and Independent Cause. Defendant further alleges that Plaintiff's injuries and/or damages, if any, were not the result of any act or omission on the part of Defendant, but rather were the result of acts or omissions of a separate and independent agency, not reasonably foreseeable to Defendant which altered the natural sequence of events and over which Defendant

had no control.

Paid or Incurred Medical Expenses. Defendant invokes the limitation on liability for medical or health care expenses as provided by section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Specifically, Plaintiff is limited to recovery of medical or health care expenses actually paid or incurred by or on behalf of Plaintiff.

Pre-judgment Interest Limitations. Defendant hereby invokes its entitlement to all definitions, instructions, defenses, and limitations provided by Chapter 41 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including but not limited to, sections 41.008, and 41.0105.

Rights. Defendant invokes all rights, remedies, and elections afforded to it pursuant to Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE regarding contribution, indemnity, comparative, and/or proportionate responsibility to the extent the same are or may be applicable.

Settlement, Credit, Reduction. If any defendant or third-party settles, or has settled, or is otherwise dismissed prior to judgment, Defendant reserves the right to pursue a credit, percentage reduction, or any of the relief to which he may be entitled with respect to any such settlement or any other settlement between Plaintiff and any other person or entity who has paid or promised to pay money or anything of monetary value to Plaintiff at any time in consideration for limiting or eliminating any potential liability arising out of or relating to the events from which this suit arises. Further, Defendant asserts its right to a credit and to make an election of credit for purposes of any settlement entered into with any other defendant, tortfeasor, or other party, pursuant to §33.014 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

Exemplary damages. To the extent Plaintiff seeks to recover exemplary or punitive damages in this cause, Defendant pleads affirmatively that any such cause of action must be proved

by clear and convincing evidence as required by 41.003 (b) and (c) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

To the extent Plaintiff seeks to recover exemplary or punitive damages in this cause, Defendant invokes the limitation on exemplary damages found in TEXAS CIVIL PRACTICE AND REMEDIES CODE 41.008 (b).

No act or omission of Defendant was malicious, willful, wanton, reckless, or grossly negligent, and therefore, any award of punitive damages is barred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant pray Plaintiff take nothing against Defendant and for such other and further relief, both at law and in equity, to which Defendants may show themselves justly entitled.

WHEREFORE, PREMISES CONSIDERED, Defendant prays Plaintiff's cause of action be dismissed at Plaintiff's cost and for such other relief to which Defendant may be justly entitled.

Respectfully submitted,

/s/ *Jeffrey O. Marshall*
Jeffrey O. Marshall
State Bar No. 00797005
jeff.marshall@wilsonelser.com
Taylor O. Reed
State Bar No. 24101958
taylor.reed@wilsonelser.com
Moskowitz, Edelman & Dicker, LLP
901 Main Street, Suite 4800
Dallas, TX 75202
Ph: 214-698-8000
Fx: 214-698-1101

**ATTORNEYS FOR DEFENDANT CRS EXPRESS, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record in accordance with the *Texas Rules of Civil Procedure* on the 7th day of December 2020.

Crystal Wright
THOMAS J. HENRY, INJURY ATTORNEYS
5711 University Heights Boulevard, Suite 101
San Antonio, Texas 78249
(210) 656-1000
Cwright-svc@thomasjhenrylaw.com

                                                    */s/ Jeffrey O. Marshall*
                                                    Jeffrey O. Marshall

5316388v.1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stacy Griffith on behalf of Taylor Reed
Bar No. 24101958
stacy.griffith@wilsonelser.com
Envelope ID: 48683644
Status as of 12/7/2020 2:05 PM CST

Associated Case Party: CRS Express Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jeffrey OMarshall | | jeff.marshall@wilsonelser.com | 12/7/2020 10:41:15 AM | SENT |
| Carrie Woolverton | | carrie.woolverton@wilsonelser.com | 12/7/2020 10:41:15 AM | SENT |
| Stacy Griffith | | stacy.griffith@wilsonelser.com | 12/7/2020 10:41:15 AM | SENT |
| Taylor Reed | | Taylor.Reed@wilsonelser.com | 12/7/2020 10:41:15 AM | SENT |
| Ileana Ors | | ileana.ors@wilsonelser.com | 12/7/2020 10:41:15 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Crystal Wright | | cwright-svc@thomasjhenrylaw.com | 12/7/2020 10:41:15 AM | SENT |